UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANSTON INSURANCE COMPANY,

   Plaintiff,

v.

                      Case No.: 8:11-cv-776-T-24-TGW

DOUGLAS D. HEEDER and
JAMES KOTSOPOULOS,

   Defendants,
_____/

## **O R D E R**

   This cause comes before the Court on a Motion for Summary Judgment filed by Plaintiff Evanston Insurance Company ("Evanston") (Doc. No. 7). Evanston seeks a declaration that it does not have a duty to defend or indemnify Defendant Douglas Heeder for the claim that Defendant James Kotsopoulos brought in state court against Heeder for failure to properly supervise, direct, manage, or control roof work at a Holiday Inn. Kotsopoulos and Heeder (collectively, "Defendants") filed a response in opposition (Doc. No. 15). For the reasons stated, the motion is granted.

**I. Background**

   This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, in which Evanston seeks a declaration of its rights and obligations under an insurance policy it issued to Heeder. A state-court judgment has been issued in the underlying action against Heeder; Evanston did not defend Heeder in that action.

   The undisputed facts follow: Kotsopoulos sued Heeder, and others, in state court to

recover for negligent roof work on a Holiday Inn in St. Pete Beach, Florida ("the Hotel")[1] in June 2005 and again in July 2007. In that suit, Kotsopoulos alleged that he unwittingly contracted with an unlicensed roofer to complete roofing work on the Hotel, and that Heeder pulled the permit for the job and submitted plans for the roof work on behalf of that unlicensed roofer. Kotsopoulos alleged that in June 2005, the unlicensed roofer exposed a large area of the Hotel's existing roof and failed to cover the area during a rainstorm. Water migrated under the existing roof and leaked into the Hotel.[2] Heeder never performed, supervised, or monitored the roof work.

Heeder was insured under Evanston's Commercial General Liability Policy Number CL090401112, effective from October 16, 2005 to October 16, 2006, with an endorsement extending the Policy through November 26, 2006 ("the Policy").[3] In his Commercial Insurance Application, Heeder listed "Residential Roofing Contractor – Re-Roofing Specialist, Primarily Shingles" under "Nature of Business/Description of Operations by Premise(s)" (Doc. No. 1, Ex. B, p. 2). The Policy contains a Classification Limitation Endorsement, which provides:

> The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company *and* described under the "description" or "classification" on the declarations of the policy.

(Doc. No. 1, Ex. C, p. 5) (emphasis added). The "Business Description" on the Policy's

---

[1] The Holiday Inn has been renamed the Grand Plaza Hotel Beachfront Resort and Conference Center.

[2] Kotsopoulos also alleged that later, in July 2007, the unlicensed roofer took a "roofing core sample" from the Hotel without Kotsopoulos' knowledge. The roofer did not properly repair the area from which he took the sample, and again rain entered the Hotel through the roof.

[3] Though it appears that the Policy was not effective in either June 2005 or July 2007, this issue is not raised by the parties, and the Court will not address it further.

2

Declarations page states "Roofing Contractor" (Doc. No. 1, Ex. C, p. 21), and the "Classification" listed on the Policy's Extension of Declarations page states "Roofing – Residential" (Doc. No. 1, Ex. C, p. 22).

## II. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Id.* Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1243 (11th Cir. 2001) (quotation omitted).

When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affirmative evidence, designate specific facts showing there is a genuine issue for trial. *Porter*, 461 F.3d at 1320. In determining whether there is a "genuine" issue, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## III. Discussion

Evanston contends that it is entitled to summary judgment on its claim that it has no duty

3

to defend or indemnify Heeder under the Policy, because the Policy's Classification Limitation Endorsement limits the scope of coverage to residential roofing operations, and because the claim against Heeder in the underlying state-court action did not involve residential roofing operations; therefore, the allegations in the underlying action preclude coverage.

Defendants disagree. They contend that the Policy's Classification Limitation Endorsement[4] is ambiguous due to the use of the conjunction "and." Specifically, they argue that the Policy's Classification Limitation Endorsement can be interpreted two different ways: (1) that coverage exists for those operations specified in *both* the application *and* the description or classification on the Policy's declarations; or (2) that coverage exists for those operations specified in the application, *or* in the description on the Policy's declarations, *or* in the classification on the Policy's declarations—depending on whether the "and" is read conjunctively or disjunctively.[5]

Though "and" may be construed to mean "or," and *vice versa*, in certain situations to carry out the intent of the parties, "the potential for confusion does not mean that every occurrence of the word *and* is ambiguous." *Shaw v. Nat'l Union Fire Ins. Co.*, 605 F.3d 1250, 1253, 1254 (11th Cir. 2010). Superficial uncertainty can often be resolved by examining the context in which the word appears. *Id.* And "[t]he general rule in this circuit—and in

---

[4] "The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company **and** described under the 'description' or 'classification' on the declarations of the policy." (Doc. No. 1, Ex. C, p. 5) (emphasis added).

[5] Defendants also argue that the Classification Limitation Endorsement is ambiguous because Heeder's "Business Description" on the Policy's Declarations page ("Roofing Contractor") is different than the "Classification" listed on the Policy's Extension of Declarations page ("Roofing – Residential"). The Court concludes that this argument is relevant only if the Classification Limitation Endorsement operates disjunctively, which it does not.

4

Florida—is that 'unless the context dictates otherwise, the word "and" is presumed to be used in its ordinary sense, that is, jointly.'" *Id.* (alteration omitted). For those circumstances in which "and" is read severally, "the context fairly [can] be said to have compelled that result." *Id.*

Because it cannot be said that the context here compels the Court to read "and" disjunctively, it will not do so. The Classification Limitation Endorsement plainly limits coverage to those operations specified in the application that are also described under either the "description" or "classification" section of the Policy's declarations. (Doc. No. 1, Ex. C, p. 5.) In his insurance application, Heeder identifies the applicant name as "Advantage Residential Roofing, Inc. and Douglas D. Heeder";[6] he describes the nature of his business as "Residential Roofing Contractor"; he lists "Roofing - Residential" under his Schedule of Hazards; and he quantifies his roofing operations as 100% residential. (Doc. No. 1, Ex. B, pp. 2, 4, 6.) And the "Classification" listed on the Policy's Extension of Declarations page states "Roofing – Residential." (Doc. No. 1, Ex. C, p. 22.)

Based on the Classification Limitation Endorsement, the Policy limited coverage to residential roofing operations. Because the allegations in the underlying state-court complaint did not relate to residential roofing, Evanston has no obligation to defend or indemnify Heeder for the property damage in the underlying action.[7]

---

[6] The Court notes that Heeder later had the name of the Insured under the Policy amended to "Douglas D. Heeder." (Doc. No. 1, Ex. C, p. 23.)

[7] The Court notes that Defendants also argue that the premium classification creates another ambiguity. But the Court concludes that the Classification Limitation Endorsement is dispositive of the coverage issue.

**IV.     Conclusion**

Accordingly, Evanston's Motion for Summary Judgment (Doc. No. 7) is **GRANTED**, and the Court hereby declares that Evanston does not have a duty to defend or indemnify Heeder or Kotsopoulos for the property damage alleged in the underlying state-court action. Consequently, Defendants' counterclaims—for a declaration that Evanston owes Heeder a duty to defend and indemnify and that Evanston breached the Policy—fail as a matter of law. The Clerk is directed to enter judgment in favor of Evanston Insurance Company, and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of October, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record